IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BEARINGPOINT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-631C |
| v. | ) | (Judge Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY FOR THE PURPOSE OF
A REMAND TO THE GENERAL SERVICES ADMINISTRATION

Pursuant to Rules 1, 7, and 52.2 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court stay all proceedings in this case and remand the matter to the United States General Services Administration ("GSA") pending a GSA contracting officer's final decision regarding whether certain contracts between plaintiff BearingPoint, Inc. ("BearingPoint") and the United States Department of the Interior ("DOI") are to be determined terminated for default or terminated for the convenience of the Government.

BACKGROUND

This action is BearingPoint's second case that arises from the DOI's purported terminations for default of BearingPoint's contracts to implement the DOI's Financial and Business Management System ("FBMS"). In September 2005, a DOI contracting officer purported to terminate for default "Task Order 3" (i.e., Order No. 0404DO37408) between the DOI and BearingPoint. Subsequently, in October 2005, the DOI contracting officer purported to terminate for default Blanket Purchase Agreement ("BPA") No. 73873 between the DOI and BearingPoint.

In September 2006, BearingPoint filed a complaint (No. 06-675) in this Court. In its complaint in that case, BearingPoint alleged that, for various reasons, the DOI's termination actions were unauthorized or improper, and BearingPoint requested that the Court declare the terminations for default to be terminations for convenience.

In January 2007, BearingPoint filed a motion in which it requested that the Court dismiss its complaint for lack of subject matter jurisdiction. BearingPoint argued that the termination decisions of the DOI contracting officer were "nullities" (and, thus, were not final decisions that could support this Court's exercise of subject matter jurisdiction pursuant to the Contract Disputes Act ("CDA")) because the "explicit terms of BearingPoint's GSA Schedule Contract," required the DOI contracting officer to refer BearingPoint's allegation of excusable delay to the GSA schedule contracting officer, whose decision would then constitute the Government's final decision for purposes of the CDA. We opposed BearingPoint's motion, arguing that a revision to the Federal Acquisition Regulation ("FAR") that had expanded the authority of ordering agency contracting officers to terminate orders for default was dispositive of the jurisdictional issue (that is, we argued that the DOI contracting officer possessed authority to issue a jurisdiction-conferring Government final decision, regardless of what effect, if any, the FAR revision had upon the merits of BearingPoint's argument that it had a contractual right to GSA review of the matter).

In April 2007, the Court granted BearingPoint's motion and dismissed BearingPoint's complaint without prejudice. BearingPoint, Inc. v. United States, 77 Fed. Cl. 189 (2007). The Court, held that, through the GSA default clause, I-FSS-249-B (May 2000), contained in BearingPoint's GSA schedule contract, BearingPoint had "bargained for the benefit of review by

the GSA Contracting Officer in the event that BearingPoint asserted excusable delay in response to a termination by the DOI Contracting Officer." Id. at 195. Accordingly, the Court held that "the default terminations were 'jurisdictionally invalid,' and shall be treated as legal nullities." Id.

Following the Court's dismissal of BearingPoint's complaint, GSA has worked diligently with both DOI and BearingPoint in an attempt to issue the GSA schedule contracting officer final decision for which BearingPoint had bargained. In June 2007, in response to a request of the GSA contracting officer, BearingPoint provided to the GSA three large binders of materials (consisting of hundreds of pages) related to BearingPoint's claim. GSA has also solicited and received from DOI hundreds of pages of documents relating to the contract.

In August 2007, the GSA contracting officer requested that BearingPoint submit a white paper (with references to supporting documentation) concerning BearingPoint's alleged excuses. Later that month, BearingPoint responded to GSA's request by submitting its white paper in the form of a 65-page PowerPoint presentation. After having been granted a time extension by GSA, the DOI response to BearingPoint's white paper is currently due on October 18, 2007. Following receipt of DOI's response, GSA intends to give BearingPoint an opportunity to reply to DOI's comments.

GSA currently anticipates that it will issue a contracting officer's final decision regarding the termination of BearingPoint's contracts on December 18, 2007 (possibly after conducting a meeting with BearingPoint and DOI).

On August 24, 2007, while the GSA's activities were continuing, BearingPoint filed this action. In its new complaint, BearingPoint again seeks the relief of a Court declaration that the

terminations for default were terminations for convenience. In addition, BearingPoint now seeks a money judgment, in alternative sums (the amounts claimed by BearingPoint are dependent upon whether the Court determined that the Government breached BearingPoint's contracts rather than terminated them for convenience), based upon the Government's actions.[1]

## ARGUMENT

### The Court Should Remand The Matter To The GSA Pending The Issuance Of A GSA Contracting Officer's Final Decision Upon The Termination Of BearingPoint's Contracts

This Court should stay all proceedings in this case and exercise its authority, pursuant to 41 U.S.C. § 605(c) and RCFC 52.2(a), to remand the matter to the GSA for the GSA contracting officer to issue her final decision regarding the termination of BearingPoint's contracts. Such action is warranted to promote judicial efficiency and to implement the congressional policies underlying the CDA. BearingPoint's complaint was prematurely filed before the GSA could resolve the issues implicated by the Court's statement that the DOI's terminations were "legal nullities." Given the unusual nature of this case, and the fact all parties involved have already devoted time and resources in connection with the agency proceedings, the Court should hold that a remand would benefit the parties and could (at least potentially) result in a GSA final decision that would moot all or part of BearingPoint's complaint.

#### A. The Court Possesses Jurisdiction And Is, Thus, Authorized To Order A Remand

This Court possesses subject matter jurisdiction to entertain BearingPoint's complaint. Accordingly, it possesses the power to stay this action for the purpose of ordering a remand to

---

[1] In July 2006, BearingPoint simultaneously submitted its certified claim for "improper termination for cause, breach of contract damages, and work-in-progress delivered and accepted," to both the GSA contracting officer and the DOI contracting officer. In January 2007, the DOI contracting officer issued a final decision that denied BearingPoint's claim.

the GSA.

"Exercise of the power to stay an action is tantamount to exercising the Court's jurisdiction." E.g., Medina Const., Ltd. v. United States, 43 Fed. Cl. 537, 561 (1999) (citing Cincinnati Electronics Corp. v. United States, 32 Fed. Cl. 496, 505 (1994)). This Court is not permitted to enter a stay of proceedings in a case in which it lacks jurisdiction. Id. Similarly, this Court's power to remand to a Federal agency is also dependent upon this Court's jurisdiction over the case. Rule 52.2(a) states, in part:

> (1) **Issuance of Remand Order**. At the request of a party or on its own motion, the court may in any case within its jurisdiction by order remand appropriate matters to any administrative or executive body or official with such direction as may be deemed proper and just.

RCFC 52.2(a)(1) (emphasis added).

Here, the Court possesses subject matter jurisdiction to adjudicate BearingPoint's complaint pursuant to the CDA because the complaint was filed more than sixty days following the Government's receipt of BearingPoint's July 28, 2006 certified claim, but less than twelve months following the DOI contracting officer's January 16, 2007 final decision that denied the claim. For the purposes of this motion, the Court does not need to resolve the issue of whether the DOI contracting officer's final decision upon BearingPoint's "improper termination" claim was, in whole or in part, a "legal nullity." Given that BearingPoint had also, simultaneously, submitted its certified claim to the GSA contracting officer, BearingPoint could treat its claim as having been "deemed denied" by the Government. See United Partition Systems, Inc. v. United States, 59 Fed. Cl. 627, 638-39 (2004) (contractor's termination claim was held "deemed denied" sixty days after submission to an Air Force contracting officer who had a legal obligation to refer

the claim to the GSA contracting officer). Because jurisdiction is established in either scenario, this Court possesses jurisdiction, and may exercise its discretion to remand the matter to the GSA contracting officer.

B. <u>In This Situation, A Remand Pursuant To 41 U.S.C. § 605(c)(5) Would Promote Judicial Efficiency And The Congressional Policies Behind The CDA</u>

In the unusual circumstances that resulted from the Court's prior ruling that the DOI's termination notices were "legal nullities," the Court should hold that a 41 U.S.C. § 605(c)(5) remand for the purpose of obtaining the GSA contracting officer's final decision is warranted.

The relevant section of the CDA, 41 U.S.C. § 605(c)(5) states:

> Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this chapter. However, <u>in the event an appeal or suit is so commenced in the absence of a prior decision by the contracting officer, the tribunal concerned may, at its option, stay the proceedings to obtain a decision on the claim by the contracting officer.</u>

41 U.S.C. § 605(c)(5) (emphasis added). This Court, in <u>United Partition Systems</u>, ordered a remand, pursuant to 41 U.S.C. § 605(c)(5), to permit a GSA contracting officer to address excusability defenses that the Air Force contracting officer was not authorized to decide. As was done in <u>United Partition Systems</u> – a case that has many similarities with this case, resulting from the division of authority between the ordering agency contracting officer and the GSA contracting officer – this Court should order a 41 U.S.C. § 605(c)(5) remand to the GSA contracting officer because the GSA's final decision "would be beneficial to the parties and assist resolution of the matter." <u>United Partition Systems</u>, 59 Fed. Cl. at 641-42 (citing <u>Sparks v. United States</u>, 36 Fed. Cl. 488, 492-93 (1996)). As noted above, both BearingPoint and the DOI have already

devoted time and resources in connection with the GSA contracting officer's requests for information, and the GSA currently anticipates that it will issue a contracting officer's final decision by December 18, 2007.

One of BearingPoint's arguments in this case is that it automatically became entitled to a termination for convenience, as a matter of law, when this Court ruled that the DOI contracting officer's terminations were "legal nullities." However, the merits of BearingPoint's argument need not be decided for this Court to determine that a remand to GSA is appropriate. In addition to the reasons stated above, a remand is appropriate because BearingPoint's premature complaint is difficult to square with existing (post-April 2007) reality. Among other relief, BearingPoint seeks non-monetary relief relating to alleged "improper" terminations which the Court has already determined to have been "legal nullities." Given the Court's dismissal of BearingPoint's prior case for lack of subject matter jurisdiction, there are really only two alternatives: (1) that the DOI contracting officer's default terminations were "legal nullities," as the Court held; or (2) that the DOI contracting officer's default terminations – now more than twelve months old – are "final and conclusive and not subject to review by any forum." The concept that the terminations could both be unauthorized and improper is a non sequitur.

In any event, the Court should allow the administrative proceedings to conclude before conducting judicial review of the merits of BearingPoint's complaint. If the GSA contracting officer finds merit to BearingPoint's alleged excuses, the result will be a termination for convenience that would likely moot this case. If, on the other hand, the GSA contracting officer upholds the DOI's earlier "unauthorized" termination decisions, the parties and the Court would have at the very least obtained the benefit of the GSA's written decision upon BearingPoint's

excuses – the decision for which BearingPoint had bargained, and which it originally requested.

Finally, there always remains the possibility that a settlement could result from further agency consideration of BearingPoint's alleged excuses. One of the main congressional policies underlying the CDA was the creation of a comprehensive statutory system that would help induce the administrative resolution of contract disputes prior to litigation. See S. Rep. No. 95-1118, at 1 (1978), as reprinted in 1978 U.S.C.C.A.N. 5235. A remand of the case to the GSA contracting officer could help promote that policy goal.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court stay all proceedings in this case and remand the matter to the GSA pending the GSA contracting officer's final decision.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6462
Fax: (202) 514-7969

October 18, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on October 18, 2007, a copy of "DEFENDANT'S MOTION TO STAY FOR THE PURPOSE OF A REMAND TO THE GENERAL SERVICES ADMINISTRATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Franklin E. White Jr.
FRANKLIN E. WHITE, JR.