IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BEARINGPOINT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-631C |
| v. | ) | (Judge Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO STAY FOR THE PURPOSE
OF A REMAND TO THE GENERAL SERVICES ADMINISTRATION

Pursuant to Rule 7.2(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to the opposition filed, on October 30, 2007, by plaintiff BearingPoint, Inc. ("BearingPoint") to our request that the Court stay all proceedings in this case and remand the matter to the United States General Services Administration ("GSA") pending a GSA contracting officer's final decision regarding whether certain contracts between BearingPoint and the United States Department of the Interior ("DOI") are to be determined terminated for default or terminated for the convenience of the Government. For the following reasons, and for the reasons stated in our moving brief, the Court's should remand to the GSA.[1]

[1] BearingPoint combined a motion for summary judgment with its opposition to our motion to stay and remand. We reserve our right to respond to BearingPoint's motion for summary judgment should the Court deny our motion to stay and remand. In the event that our motion is denied, we respectfully request that the Court's order state that defendant's response to BearingPoint's motion for summary judgment be filed within 21 days (or pursuant to any scheduling order that the Court may enter) from the date of the order.

## ARGUMENT

In our moving brief, we demonstrated that a stay and remand to the GSA was warranted in the interest of judicial efficiency. As we explained, the GSA currently intends to issue a final decision regarding the DOI's termination actions that could (at least potentially) moot all or part of BearingPoint's complaint. In its opposition, BearingPoint argues: (1) that a remand to the GSA would be a "pointless" act (because, in BearingPoint's view, the termination issue was resolved "as a matter of law" when this Court dismissed BearingPoint's complaint in No. 06-675C for lack of subject matter jurisdiction); (2) that a remand would not promote judicial efficiency (because, in BearingPoint's view, the GSA has delayed the issuance of a final decision, has made no assurances regarding the December 18, 2007 date when the final decision is anticipated, and because it is "unrealistic" to believe that a settlement at the agency level is a possibility ); and (3) that the remand proposed would not be similar to the remand ordered by the Court in United Partition Systems, Inc. v. United States, 59 Fed. Cl. 627 (2004). None of these arguments are well taken.

### I. A Remand Would Not Be "Pointless," As The GSA Final Decision Could Obviate The Need For The Court To Decide The Issue Raised In BearingPoint's Pending Motion For Summary Judgment

In our moving brief, we established that BearingPoint's premature complaint in this action raises issues that could be mooted should the GSA contracting officer issue a final decision that concludes, nunc pro tunc, that BearingPoint's contracts could not be terminated for default in the face of BearingPoint's alleged excuses. BearingPoint responds by arguing that the continuing GSA's proceedings are wasting the time and resources of the parties in "trying to resolve an issue that is already moot." However, BearingPoint's argument that the issue is

"already moot," is plainly belied by its own concurrently filed motion for summary judgment, which urges the Court to hold that BearingPoint's contracts with DOI must be treated as having been terminated for the convenience of the Government. Should a remand to the GSA result in a final decision that is favorable to BearingPoint, the result would likely be a termination for convenience that would obviate the need for the Court to consider the argument raised in BearingPoint's motion for summary judgment, and would moot many of the issues raised in BearingPoint's complaint.[2]

The cases upon which BearingPoint relies – N.L.R.B. v. Wyman-Gordon Co., 394 U.S. 759 (1969), Yang v. I.N.S., 109 F.3d 1185 (7th Cir. 1997), and Evirocare of Utah, Inc. v. Nuclear Regulatory Com'n, 194 F.3d 72 (D.C. Cir. 1999) – are inapposite. Importantly, none of these cases involved the Contract Disputes Act ("CDA"). As we established in our moving brief, Congress has, by enacting 41 U.S.C. § 605(c)(5), already determined that, even where the Court's jurisdiction is clear, a remand for the purpose of obtaining a contracting officer's final decision upon a claim would not be "an idle and useless formality," as BearingPoint suggests. Moreover, in each of the cases proffered by BearingPoint, the court determined that a remand was not warranted because there was no uncertainty as to the result of the remand. Here, there is uncertainty. The GSA contracting officer never had cause to consider BearingPoint's excuses prior to this Court's holding that the DOI's decisions were unauthorized. Because the result of the GSA's proceedings is uncertain, it would not be a "useless exercise" for the Court to remand

---

[2] That GSA is currently considering whether BearingPoint's contracts with DOI should be considered to have been terminated for convenience for different reasons than the reason asserted in BearingPoint's motion for summary judgment, does not change the fact that BearingPoint's motion for summary judgment will be mooted by a GSA final decision that concludes that the terminations were terminations for convenience.

to the GSA.

II. The Proposed Remand Would Promote Judicial Efficiency

BearingPoint argues that a remand would not promote judicial efficiency because the United States has allegedly "actively sought to delay" the issuance of the GSA's final decision, because GSA has not stated a "firm deadline" for the issuance of its final decision, and because, in BearingPoint's opinion, a settlement at the agency level is an unrealistic possibility. Given the unusual context of this case, BearingPoint's objections are not reasonable.

A. The United States Has Not Delayed The GSA's Issuance Of A Final Decision

BearingPoint's argument that the United States has delayed the issuance of the GSA final decision is not consistent with the factual timeline of events. Again, it should be noted (as we had noted in our brief in No. 06-675C) that BearingPoint itself is responsible for some of the delay due to the length of time that elapsed between the issuance of the DOI termination decisions (which were later ruled to be null and void) and the filing of BearingPoint's complaint in No. 06-675C. For example, although DOI issued a termination for default notice relating to Task Order 3 in September 2005, BearingPoint's complaint that challenged that decision as unauthorized was not filed until September 2006 – almost a full twelve months later. Prior to this Court's determination that the DOI contracting officer lacked authority to terminate for default BearingPoint's contracts, the GSA had no reason to consider BearingPoint's alleged excuses raised in response to the DOI's cure notice.

Moreover, although BearingPoint faults the United States for its failure to take action "immediately upon the issuance of the Court's opinion," Pl. Opp. 11, the Court's opinion did not become final until 60 days after it was issued. Both the GSA and the DOI prudently delayed

taking action until after the authorized representative of the Attorney General determined that the United States would not appeal the Court's decision.

During the period from June 2007 to the present, the GSA and the DOI have worked diligently toward the issuance of a GSA contracting officer's final decision. Some of the specifics of this effort were addressed briefly on page 3 of our moving brief, and they illustrate the scope of the GSA's activities and the significant amount of material that the GSA contracting officer will be required to consider before issuing the final decision. Although BearingPoint simplistically declares that "[s]ix months to issue an opinion on excusable delay in a default termination context is an unreasonable length of time," Pl. Opp. 11-12, BearingPoint ignores the context of the case and the unusual circumstance resulting from the GSA's contracting officer's need to consider complex performance issues relating to a DOI contract.

B. The GSA Was Not Required To State A Firm Deadline For The Issuance Of Its Final Decision In This *Sui Generis* Proceeding Resulting From The Court's Ruling In No. 06-675C

Relying upon Appeal of Aerojet General Corp., ASBCA No. 48136, 95-1 BCA ¶ 27, 470 (ASBCA Jan. 24, 1995), BearingPoint argues that a remand is not appropriate because we represented in our moving brief only that GSA anticipated issuance of the final decision by December 18, 2007, and we did not provide a firm deadline for the final decision. BearingPoint's argument is misplaced.

Aerojet involved the Government's assertion that the Armed Services Board of Contract Appeals ("ASBCA") lacked CDA jurisdiction to entertain the contractor's appeal because the contractor had filed its complaint before the agency had issued a contracting officer's final decision. Although the contracting officer had, by letter, informed the contractor of the date

when the final decision was "anticipated," the board held that the letter was insufficient to satisfy the requirement of 41 U.S.C. § 605(c)(2)(B) that, within 60 days of receipt of the claim, the contracting officer provide a date certain for the issuance of the final decision. Accordingly, the board held that CDA jurisdiction was established based upon a deemed denial of the claim.

Aerojet stands for the proposition that a contracting officer's letter that does not satisfy section 605(c)(2)(B) will not preclude the contractor's establishing CDA jurisdiction. It does not advance BearingPoint's argument here that a remand is inappropriate. In our moving brief, we affirmatively argued that the Court possesses jurisdiction and, thus, was authorized to remand the case pursuant to 41 U.S.C. § 605(c)(5). Nothing in section 605(c)(5) requires that a firm deadline be set for the issuance of the final decision that is the subject of a remand. Of course, in ordering a remand, this Court may issue "such direction as may be deemed proper and just." See RCFC 52.2. BearingPoint, however, has advanced no good reasons for why the Court should interfere with the GSA's reasonable anticipated schedule for issuance of its final decision.

C. A Remand Would Promote The Policy Goals Underlying The CDA

BearingPoint argues that, although it has done everything possible to foster a settlement, "[i]t is unrealistic to expect that any productive settlement discussions would occur . . . without further involvement by the Court." Pl. Opp. 12. BearingPoint is missing the point.

Although we raised the possibility that this case could be settled at the agency level, our point was that, among other policies underlying the CDA, Congress contemplated that contracting officer consideration of claims, culminating in a written final decision that articulated the reasons why a claim was granted or denied, would generally help to induce settlements prior to litigation. Regardless of whether a settlement is likely in this case, the

congressional policy is advanced by permitting the GSA to complete its review and issue its final decision relating to BearingPoint's alleged excuses.

III. The Remand Proposed In This Case Would Be Similar To The Remand That Was Ordered By This Court In *United Partition Systems*

In our moving brief, we established that the remand we propose is similar to the remand that was ordered in United Partition Systems v. United States, 59 Fed. Cl. 627 (2004), a case that involved a similar situation in which a GSA contracting officer was called upon to resolve excusability issues relating to an Air Force termination that had been ruled unauthorized. BearingPoint argues that United Partition is inapposite because: (1) in United Partition, the remand was sought by the plaintiff and was unopposed; (2) the court's decision to grant the unopposed motion to remand was not an issue decided in the opinion that we cited; and (3) the grounds for issuing a stay that were present in United Partition are not present in this case.

In our view, none of BearingPoint's distinctions are meaningful. Notwithstanding which party proposed the remand, and whether or not it was unopposed, it seems clear that the remand in United Partition was ultimately based upon the Court's discretionary view that it would be useful for the court to obtain a decision from the agency that was required to consider the plaintiff's excuses. As we have explained above, and in our moving brief, this Court should hold that a remand for the purpose of a GSA final decision is warranted for the same reasons here. This is not a case in which a claim that had been "deemed denied," would be remanded to the same agency that had not acted upon the claim in a timely manner. This Court has held that BearingPoint had bargained for a GSA contracting officer decision regarding its excuses. The Court should stay and remand to the GSA so that BearingPoint can obtain the decision that it requested.

CONCLUSION

For the foregoing reasons, and for the reasons stated in our moving brief, we respectfully request that the Court stay all proceedings in this case and remand the matter to the GSA pending the GSA contracting officer's final decision.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6462
Fax: (202) 514-7969

November 8, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on November 8, 2007, a copy of "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY FOR THE PURPOSE OF A REMAND TO THE GENERAL SERVICES ADMINISTRATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Franklin E. White Jr.

FRANKLIN E. WHITE, JR.