IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **BEARINGPOINT, INC.,**<br>**Plaintiff,**<br>**v.**<br>**THE UNITED STATES OF AMERICA,**<br>**Defendant.** | **Case No. 07-631(C)**<br>**(Judge Wheeler)** |

**PLAINTIFF BEARINGPOINT, INC.'S NOTICE THAT**
**FURTHER PROCEEDINGS ARE NECESSARY**

Pursuant to this Court's Order of December 21, 2007, and RCFC 52.2(b)(4), plaintiff BearingPoint, Inc. ("BearingPoint") respectfully notifies the Court that further proceedings are deemed necessary.

On December 20, 2007, the United States notified the Court that the General Services Administration purported to issue a Final Decision in accordance with this Court's remand order dated November 9, 2007. In its Order of December 21, 2007, "the Court direct[ed] Plaintiff to file a notice on or before January 22, 2008, indicating whether further proceedings are necessary before this Court, and if so, what those proceedings should be." Because of the unique procedural posture of this case, and the additional uncertainty created by GSA's recent purported "Final Decision," BearingPoint believes a status conference is necessary. Specifically, a status conference would help to resolve the following issues:

- First, while the GSA entitled its recent decision a "Contracting Officer's Final Decision," what actually was decided remains unclear. While the contracting officer determined that BearingPoint's alleged delays were not excusable, she did not terminate BearingPoint – nor could she have since BearingPoint was removed from the FBMS contract long ago as part of DOI's prior purported termination. Rather, the contracting officer concluded "that DOI's termination for cause of Task Order 3 was proper" – a conclusion that is meaningless because, as this

Court previously held, the prior DOI termination for cause of Task Order 3 was a nullity.

- Second, BearingPoint still has a Motion for Summary Judgment pending before this Court, which, among other things, asserts that DOI's prior improper termination decision was converted into a termination for convenience as a matter of law. See, e.g., Int'l Tel. & Tel. Corp., ITT Comm. Div. v. United States, 509 F.2d 541 (Cl. Ct. 1975); Timberland Paving & Constr. Co. v. United States, 8 Cl. Ct. 653 (1985). A resolution in favor of BearingPoint on the pending summary judgment motion will have a direct impact on whether an appeal of the purported final decision would be necessary.

- Third, the Court's December 21, 2007 Order states that BearingPoint "may file an amended complaint on or before January 22, 2008" if it "wishes to challenge GSA's final decision." It is BearingPoint's understanding that it is required to file a separate action within one year to appeal a Final Decision of a contracting officer. *See* 41 U.S.C. § 609(a). While BearingPoint intends to respond to the GSA contracting officer's purported final decision promptly, the issues raised by this Notice suggest that an appeal of the purported Final Decision by January 22, 2008 may not be the most efficient course of action and may not be possible by that date. Accordingly, BearingPoint seeks clarification regarding the January 22, 2008 deadline.

In the interest of efficiency and clarity, BearingPoint respectfully requests that the Court schedule a status conference to determine the most appropriate and efficient path forward for all parties, and for this Court. Because of the impending holidays, and since undersigned counsel will be out of the Country from December 25-29, BearingPoint further requests that such status conference be scheduled for January 2008.

Respectfully submitted,

/s/ Jonathan S. Aronie

Jonathan S. Aronie
SHEPPARD MULLIN RICHTER &
HAMPTON, LLP
1300 I Street, NW
11th Floor, East
Washington, DC 20005-3314
Tel: (202) 218-0039
Fax: (202) 218-0020

Date: December 27, 2007

Attorney for BearingPoint, Inc.

Of Counsel:

Louis D. Victorino
Keith R. Szeliga
Marko W. Kipa
SHEPPARD MULLIN RICHTER
& HAMPTON LLP

Domingo Maradiegue
BEARINGPOINT, INC.