IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BEARINGPOINT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-631C |
| v. | ) | (Judge Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSES TO PLAINTIFF'S
PROPOSED FINDINGS OF UNCONTROVERTED FACTS

Pursuant to Rules 7.2(c) and 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following responses to the proposed findings of uncontroverted facts that plaintiff BearingPoint, Inc. ("BearingPoint") filed on January 14, 2008, in connection with its motion for partial summary judgment:

1. On January 5, 2004, the United States Department of the Interior ("DOI") awarded Blanket Purchase Agreement ("BPA") No. 73873 to BearingPoint for the Financial and Business Management System ("FBMS") project. See FBMS BPA, attached hereto as Exhibit 1. The award document was designated by DOI as a General Services Administration ("GSA") Schedule "Blanket Purchase Agreement," and prepared by DOI using GSA's standard Schedule BPA template. Id.

**RESPONSE**: Admits to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

2. The BPA, together with BearingPoint GSA 70 Schedule Contract, incorporated the following term:

> (m) Termination for cause. The Government may terminate this contract, or any part hereof, for cause in the event of any default by

> the Contractor, or if the Contractor fails to comply with any contract terms and conditions, or fails to provide the Government, upon request, with adequate assurances of future performance. In the event of termination for cause, the Government shall not be liable to the Contractor for any amount for supplies or services not accepted, and the Contractor shall be liable to the Government for any and all rights and remedies provided by law. *If it is determined that the Government improperly terminated this contract for default, such termination shall be deemed a termination for convenience.*

See BearingPoint GSA 70 Schedule Contract excerpt, attached hereto as Exhibit 2, at page 20 or 142 (emphasis added); See also Exhibit 1 at 1.

**RESPONSE**: Admits to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies.

3. Task Order 3 (Order No. 0404DO37408) was awarded to BearingPoint on September 20, 2004. See Task Order 3, attached hereto as Exhibit 3.

**RESPONSE**: Admits to the extent supported by the task order cited, which is the best evidence of its contents; otherwise denies.

4. DOI issued a notice of termination to BearingPoint on September 29, 2005, which purported to terminate for cause Task Order 3. See Task Order 3 Termination Notice, attached hereto as Exhibit 4.

**RESPONSE**: Admits to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies.

5. DOI issued a second notice of termination to BearingPoint on October 27, 2005 that purported to terminate for cause the BPA under which Task Order 3 was awarded. See BPA Termination Notice, attached hereto as Exhibit 5.

**RESPONSE**: Admits to the extent supported by the notice cited, which is the best

evidence of its contents; otherwise denies.

6. BearingPoint appealed DOI's terminations to the Court of Federal Claims on September 26, 2006. See BearingPoint, Inc. v. United States, 77 Fed. Cl. 189 (2007), attached hereto as Exhibit 6. Based on the absence of a valid Contracting Officer's decision with respect to each termination, BearingPoint filed a motion to dismiss its own Complaint under RCFC 12(b)(1) on January 19, 2007. Id. at 189.

**RESPONSE**: Admits that BearingPoint filed suit in the Court of Federal Claims on September 26, 2006, and that BearingPoint filed a motion to dismiss its own complaint, pursuant to RCFC 12(b)(1), on January 19, 2007.

7. The Court issued its decision dismissing BearingPoint's Complaint for lack of subject matter jurisdiction on April 30, 2007. See Exhibit 6 (BearingPoint, 77 Fed. Cl. at 195). In its decision, the Court held, among other things, that the DOI contracting officer lacked the authority to issue the termination decision, and, as a result, DOI's purported terminations were "jurisdictionally invalid" and to be "treated as 'legal nullities.'" Id. Accordingly, as requested by BearingPoint in its Motion, the Court dismissed the Complaint for lack of subject matter jurisdiction. Id.

**RESPONSE**: Admits.

8. On December 19, 2007, the GSA Contracting Officer issued a purported Final Decision that, among other things, recognized that "a BPA is not a contract...[and] that DOI's attempt to terminate the BPA was improper." See GSA Final Decision, attached hereto as Exhibit 7, at 28-29.

**RESPONSE**: Admits to the extent supported by the document cited, which is the best

evidence of its contents; otherwise denies.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

/s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6462
Fax: (202) 514-7969

Attorneys for Defendant

Of Counsel:

JAMES L. WEINER
EMILY E. PARKHURST
Office of the Solicitor
Department of the Interior

February 14, 2008

CERTIFICATE OF FILING

I hereby certify that on February 14, 2008, a copy of "DEFENDANT'S RESPONSES TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Franklin E. White Jr.
FRANKLIN E. WHITE, JR.