IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BEARINGPOINT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-631C |
| v. | ) | (Judge Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the First Amended Complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits. Avers that the United States acted through the Department of the Interior ("DOI") and the General Services Administration ("GSA").

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law, and plaintiff's characterization of this action, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in the first sentence of paragraph 5 to the extent supported by Blanket Purchase Agreement No. 73873, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 5. Admits the allegations contained in the second sentence of paragraph 5 to the extent supported by Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in

the second sentence of paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6. Denies the allegations contained in the second and third sentences of paragraph 6.

7. Admits the allegation contained in the first sentence of paragraph 7 that the DOI contracting officer issued a final decision that purported to terminate Task Order 3 for cause; otherwise denies the allegations contained in the first sentence of paragraph 7. Admits the allegations contained in the second sentence of paragraph 7 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegation contained in paragraph 9 that BearingPoint filed suit in the United States Court of Federal Claims on September 26, 2006. Denies the allegation contained in paragraph 9 that BearingPoint "immediately filed a motion to dismiss its Complaint." Avers that BearingPoint's motion to dismiss its complaint was filed on January 19, 2007. Admits the remainder of the allegations contained in paragraph 9 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegation contained in paragraph 11 that the Court granted BearingPoint's motion to dismiss, based upon its holding that the DOI contracting officer's final decisions were legal nullities; otherwise denies the allegations contained in paragraph 11.

12. Admits.

13. Admits the allegations contained in paragraph 13 to the extent supported by the GSA contracting officer's final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. The allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of this action, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in the first and second sentences of paragraph 15 to the extent supported by Request for Quotations No. 73873, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 15. Admits the allegation contained in the third sentence of paragraph 15.

16. Admits the allegations contained in the first and second sentences of paragraph 16 to the extent supported by Request for Quotations No. 73873, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 16.

17. Admits.

18. Admits the allegations contained in paragraph 18 to the extent supported by Request for Quotations No. 73873, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by Request for Quotations No. 73873, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by Request for Quotations No. 73873, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by Request for Quotations No. 73873, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by Request for Quotations No. 73873, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by Request for Quotations No. 73873, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits.

25. Admits the allegations contained in paragraph 25 to the extent supported by BearingPoint's Quotation, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by BearingPoint's Quotation, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Denies the allegations contained in the first and sixth sentences of paragraph 27. Admits the allegations contained in the second, third, fourth, and fifth sentences of paragraph 27 to the extent supported by BearingPoint's Quotation, which is the best evidence of its contents; otherwise denies the allegations contained in the second, third, fourth, and fifth sentences of paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by BearingPoint's Quotation, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by BPA No. 73873, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by BPA No. 73873, which is the best evidence of its contents; otherwise denies the allegations contained

in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the documents cited, which are the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Denies the allegations contained in the first sentence of paragraph 35. Admits the allegations contained in the second sentence of paragraph 35 to the extent supported by the task orders issued under BPA No. 73873, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by BearingPoint's proposal for Task Order 1, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by BearingPoint's proposal for Task Order 1, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegations contained in the first and second sentences of paragraph 39. Denies the allegations contained in the third sentence of paragraph 39.

40. Admits.

41. Admits the allegations contained in paragraph 41 to the extent supported by BearingPoint's final proposal for Task Order 2, which is the best evidence of its contents;

otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 and its subparts to the extent supported by BearingPoint's final proposal for Task Order 2, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42 and its subparts.

43. Denies.

44. Admits the allegations contained in paragraph 44 to the extent supported by Task Order 2, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent supported by the revised Departmental Business Blueprint, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 45.

46. Admits.

47. Admits the allegations contained in paragraph 47 to the extent supported by BearingPoint's proposal for Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. Admits.

49. Admits.

50. Admits the allegations contained in paragraph 50 to the extent supported by BearingPoint's proposal for Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by BearingPoint's proposal for Task Order 03, which is the best evidence of its contents; otherwise

denies the allegations contained in paragraph 51 and its subparts.

52. Admits the allegations contained in paragraph 52 to the extent supported by BearingPoint's proposal for Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52.

53. Admits the allegations contained in paragraph 53 to the extent supported by BearingPoint's proposal for Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53.

54. Admits the allegations contained in paragraph 54 and its subparts to the extent supported by BearingPoint's proposal for Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54 and its subparts.

55. Admits the allegations contained in paragraph 55 to the extent supported by BearingPoint's proposal for Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 55.

56. Admits the allegations contained in paragraph 56 to the extent supported by BearingPoint's proposal for Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 56.

57. Admits the allegations contained in paragraph 57 to the extent supported by BearingPoint's proposal for Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58. Admits the allegations contained in paragraph 58 to the extent supported by BearingPoint's proposal for Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. Admits the allegations contained in paragraph 59 to the extent supported by Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 59.

60. Admits the allegations contained in paragraph 60 to the extent supported by Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 60.

61. Denies.

62. Denies.

63. Admits the allegations contained in the first sentence of paragraph 63 to the extent supported by Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 63. Denies the allegations contained in the second and third sentences of paragraph 63.

64. Denies.

65. Denies.

66. Admits.

67. Denies.

68. Denies the allegations contained in the first sentence of paragraph 68 that BearingPoint's Project Plan was a "deliverable." Denies the remaining allegations contained in paragraph 68 for lack of knowledge or information sufficient to form a belief as to their truth.

69. Admits the allegations contained in the first sentence of paragraph 69. Denies the allegations contained in the second and third sentences of paragraph 69.

70. The allegations contained in the first sentence of paragraph 70 constitute

conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second, third, and fifth sentences of paragraph 70. Denies the allegations contained in the fourth and sixth sentences of paragraph 70.

71. Denies the allegations contained in the first sentence of paragraph 71. Denies the allegations contained in the second sentence of paragraph 71 for lack of knowledge or information sufficient to form a belief as to their truth.

72. Denies the allegations contained in the first sentence of paragraph 72. Admits the allegations contained in the first sentence of paragraph 72 subpart (a) to the extent supported by BearingPoint's proposed Functional Design Specification, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 72 subpart (a). Denies the allegations contained in the second, third, fourth, fifth, sixth, and seventh sentences of paragraph 72 subpart (a). Denies the allegations contained in paragraph 72 subpart (b).

73. Denies the allegations contained in the first sentence of paragraph 73. Denies the allegations contained in the second sentence of paragraph 73 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third sentence of paragraph 73 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74. The allegations contained in paragraph 74 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75. The allegations contained in paragraph 75 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76. Denies.

77. Denies the allegations contained in the first and second sentences of paragraph 77. Admits the allegations contained in paragraph 77 subpart (a). Denies the allegations contained in paragraph 77 subparts (b) and (c).

78. Admits the allegations contained in paragraph 78 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 78.

79. Denies.

80. Denies the allegations contained in the first, second, and third sentences of paragraph 80. The allegations contained in the fourth sentence of paragraph 80 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

81. Admits the allegation contained in the first sentence of paragraph 81 that BearingPoint discussed with DOI BearingPoint's need to baseline the requirements; otherwise denies the allegations contained in the first sentence of paragraph 81. Admits the allegations contained in the second and third sentences of paragraph 81. Admits the allegations contained in fourth sentence of paragraph 81 to the extent supported by the Test Readiness Review, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 81.

82. Admits. Avers that it was BearingPoint's responsibility to baseline the requirements.

83. Denies.

84. Denies the allegations contained in the first sentence of paragraph 84 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 84.

85. Admits.

86. Denies the allegations contained in paragraph 86 for lack of knowledge or information sufficient to form a belief as to their truth.

87. Denies.

88. The allegations contained in the first sentence of paragraph 88 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 88. Denies the allegations contained in the third sentence of paragraph 88 for lack of knowledge or information sufficient to form a belief as to their truth.

89. Denies the allegations contained in the first and third sentences of paragraph 89. Denies the allegations contained in the second sentence of paragraph 89 for lack of knowledge or information sufficient to form a belief as to their truth.

90. Denies the allegations contained in the first sentence of paragraph 90. Admits the allegations contained in the second and third sentences of paragraph 90.

91. The allegations contained in the first sentence of paragraph 91 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 91.

92. Denies.

93. Denies the allegations contained in the first sentence of paragraph 93. Admits the allegations contained in the second sentence of paragraph 93 to the extent supported by the SAP Functional Assessment Report and the Test Readiness Review, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 93.

94. Denies.

95. Denies the allegations contained in the first sentence of paragraph 95 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 95.

96. Admits.

97. Denies the allegations contained in the first sentence of paragraph 97 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 97.

98. Denies the allegations contained in the first and second sentences of paragraph 98 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third and fourth sentences of paragraph 98.

99. Denies.

100. Denies.

101. Admits.

102. Admits the allegations contained in the first sentence of paragraph 102. Denies the allegations contained in the second sentence of paragraph 102.

103. Denies the allegations contained in the first, second, fourth, and fifth sentences of

paragraph 103. Admits the allegations contained in the third sentence of paragraph 103 to the extent supported by the June 28, 2005 e-mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 103.

104. Denies the allegations contained in the first, second, and fourth sentences of paragraph 104. Admits the allegation contained in the third sentence of paragraph 104 that BearingPoint notified DOI of the need for additional space in several status reports; otherwise denies the allegations contained in the third sentence of paragraph 104 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

105. Denies.

106. Denies.

107. Admits the allegations contained in paragraph 107 to the extent supported by the Lessons Learned Worksheet, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 107.

108. Denies.

109. Admits the allegation contained in the first sentence of paragraph 109 that DOI provided only one full time technical expert for the FBMS project until mid-2005; otherwise denies the allegations contained in the first sentence of paragraph 109. Denies the allegations contained in the second sentence of paragraph 109.

110. Denies.

111. Denies.

112. Admits the allegations contained in paragraph 112 to the extent supported by Task Order 3, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 112.

113. Denies.

114. Admits the allegation contained in the first sentence of paragraph 114 that BearingPoint notified the DOI of delays, and the resulting impact, to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies that allegation. The remainder of the allegations contained in the first sentence of paragraph 114 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 114.

115. Denies.

116. Admits.

117. Denies the allegations contained in the first and second sentences of paragraph 117 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third and fourth sentences of paragraph 117.

118. Admits.

119. Denies.

120. Denies.

121. The allegations contained in paragraph 121 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

122. Admits the allegations contained in paragraph 122 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 122.

123. Denies.

124. The allegations contained in paragraph 124 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

125. Admits the allegations contained in paragraph 125 to the extent supported by Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 125.

126. Denies.

127. Admits the allegations contained in paragraph 127 to the extent supported by Modification 0001 to Task Order 3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 127.

128. Admits the allegations contained in paragraph 128 to the extent supported by Modifications 0002 through 0005 to Task Order 03, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 128.

129. Denies.

130. Admits the allegation contained in paragraph 130 that DOI provided a draft of Modification 6 on April 26, 2005; admits the remaining allegations contained in paragraph 130 to the extent supported by the draft of Modification 6, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 130.

131. The allegations contained in the first sentence of paragraph 131 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the subparts of paragraph 131 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the subparts of paragraph 131.

132. The allegations contained in the first sentence of paragraph 132 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 132 to the extent supported by the April 26, 2005 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 132.

133. Denies the allegations contained in the first sentence of paragraph 133. Admits the allegations contained in the second sentence of paragraph 133 to the extent supported by the April 29, 2005 e-mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 133.

134. Admits the allegations contained in paragraph 134 to the extent supported by the May 9, 2005 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 134.

135. Admits the allegation contained in the first sentence of paragraph 135 that the parties failed to reach a bilateral agreement; denies the remainder of the allegations contained in the first sentence of paragraph 135. The allegations contained in the second sentence of paragraph 135 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

136. Denies the allegations contained in paragraph 136 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

137. Denies.

138. The allegations contained in paragraph 138 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

139. Denies.

140. Denies.

141. Denies.

142. Admits.

143. Admits the allegations contained in paragraph 143 to the extent supported by the June 3, 2005 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 143.

144. The allegations contained in paragraph 144 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

145. Admits the allegation contained in the first sentence of paragraph 145 that BearingPoint worked with DOI to develop a revised schedule for Deployment 2A; otherwise denies the allegations contained in the first sentence of paragraph 145. Denies the allegations contained in the second sentence of paragraph 145.

146. Admits the allegations contained in the first sentence of paragraph 146. Admits the allegations contained in the second sentence of paragraph 146 to the extent supported by the June 10, 2005 e-mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 146.

147. Admits the allegation contained in the first sentence of paragraph 147 that the DOI Project Management Office played an active role in the schedule re-planning effort; denies the remainder of the allegations contained in the first sentence of paragraph 147 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

148. Denies.

149. Denies the allegations contained in the first sentence of paragraph 149. Admits the allegations contained in the second sentence of paragraph 149 to the extent supported by the PowerPoint presentation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 149.

150. Admits the allegations contained in the first sentence of paragraph 150 to the extent supported by the Re-Planning Effort - Frequently Asked Questions document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 150. Admits the allegations contained in the second sentence of paragraph 150.

151. Denies the allegations contained in the first sentence of paragraph 151. Admits the allegations contained in the second sentence of paragraph 151 to the extent supported by the e-mail attachment cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 151.

152. The allegations contained in paragraph 152 and its subparts constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

153. Denies.

154. The allegations contained in paragraph 154 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

155. The allegations contained in paragraph 155 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

156. Denies the allegations contained in paragraph 156 for lack of knowledge or information sufficient to form a belief as to their truth.

157. Denies.

158. Admits the allegations contained in paragraph 158 to the extent supported by the June 8, 2005 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 158.

159. Admits the allegations contained in paragraph 159 to the extent supported by the June 20, 2005 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 159.

160. Denies the allegations contained in the first sentence of paragraph 160 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 160.

161. Admits the allegations contained in paragraph 161 and its subparts to the extent supported by the August 23, 2005 cure notice and its enclosures, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 161 and its subparts.

162. Admits the allegations contained in paragraph 162 to the extent supported by the August 23, 2005 cure notice and its enclosures, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 162.

163. Admits the allegations contained in paragraph 163 and its subparts to the extent supported by the August 30, 2005 and September 2, 2005 letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 163 and its subparts.

164. Admits the allegations contained in paragraph 164 to the extent supported by the September 2, 2005 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 164.

165. Admits the allegations contained in paragraph 165 to the extent supported by the September 12, 2005 and September 15, 2005 letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 165.

166. Admits the allegations contained in paragraph 166 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 166.

167. Admits the allegations contained in paragraph 167 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 167.

168. Admits the allegations contained in paragraph 168 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 168.

169. Admits the allegations contained in the first sentence of paragraph 169 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 169. Denies the allegations contained in the second sentence of paragraph 169.

170. Admits.

171. Admits the allegations contained in paragraph 171 to the extent supported by the October 11, 2005 letter cited, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 171.

172. Denies.

173. Admits the allegations contained in paragraph 173 to the extent supported by BearingPoint's proposal for Task Order 4, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 173.

174. Admits the allegations contained in paragraph 174 to the extent supported by Task Order 4, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 174.

175. Admits the allegations contained in paragraph 175 to the extent supported by the written modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 175.

176. The allegations contained in paragraph 176 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

177. Admits.

178. Admits the allegations contained in paragraph 178 to the extent supported by the solicitation for Task Order 5, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 178.

179. Admits the allegations contained in paragraph 179 to the extent supported by BearingPoint's proposal for Task Order 5, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 179.

180. Admits the allegations contained in paragraph 180 to the extent supported by Task Order 5, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 180.

181. Admits the allegation contained in the first sentence of paragraph 181 that the DOI terminated Task Order 5 for convenience, effective October 13, 2005; otherwise denies the allegations contained in the first sentence of paragraph 181. Admits the allegations contained in the second sentence of paragraph 181.

182. Admits.

183. Admits the allegations contained in paragraph 183 to the extent supported by the solicitation for Task Order 6, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 183.

184. Admits the allegations contained in paragraph 184 to the extent supported by BearingPoint's proposal for Task Order 6, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 184.

185. Admits the allegations contained in paragraph 185 to the extent supported by Task Order 6, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 185. Defendant avers that Task Order 6 was awarded to BearingPoint effective December 2, 2004.

186. Admits the allegations contained in paragraph 186 to the extent supported by Task Order 6, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 186.

187. Admits the allegations contained in the first sentence of paragraph 187 to the extent supported by the November 1, 2005 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 187. Admits the

allegations contained in the second sentence of paragraph 187.

188. Admits.

189. Admits the allegations contained in paragraph 189 and its subparts to the extent supported by the October 20, 2005 cure notice, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 189 and its subparts.

190. Admits the allegations contained in paragraph 190 and its subparts to the extent supported by the October 20, 2005 cure notice, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 190 and its subparts.

191. Admits the allegations contained in paragraph 191 to the extent supported by the October 24, 2005 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 191.

192. Admits the allegations contained in paragraph 192 to the extent supported by the October 27, 2005 termination notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 192.

193. Admits the allegations contained in paragraph 193 to the extent supported by the October 27, 2005 termination notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 193.

194. Admits the allegations contained in paragraph 194 to the extent supported by the October 27, 2005 termination notice, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 194.

195. Admits the allegations contained in paragraph 195 to the extent supported by the October 27, 2005 termination notice, which is the best evidence of its contents; otherwise denies

the allegations contained in paragraph 195.

196. Admits the allegation contained in paragraph 196 that, on July 28, 2006, BearingPoint submitted documents to both the GSA and the DOI contracting officers; the allegation that the documents were "certified claims" is a conclusion of law to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied. Admits the remainder of the allegations contained in paragraph 196 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

197. Admits.

198. Admits the allegations contained in paragraph 198 to the extent supported by the January 16, 2007 contracting officer's final decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 198.

199. Admits the allegations contained in the first sentence of paragraph 199 that BearingPoint filed a motion to dismiss its own complaint under RCFC 12(b)(1) on January 19, 2007; the remaining allegations contained in the first sentence of paragraph 199 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 199 to the extent supported by the Court's docket in BearingPoint, Inc. v. United States, No. 06-675C, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 199.

200. Admits the allegations contained in paragraph 200 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 200.

201. Admits the allegations contained in paragraph 201 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 201.

202. Admits the allegations contained in paragraph 202 and its subparts to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 202 and its subparts.

203. Admits the allegations contained in paragraph 203 to the extent supported by the documents cited in paragraph 202 of BearingPoint's first amended complaint, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 203.

204. The allegations contained in paragraph 204 constitute conclusions of law, and plaintiff's characterization of this action, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

205. Admits the allegations contained in paragraph 205 to the extent supported by the Court order cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 205.

206. Admits the allegations contained in paragraph 206 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 206.

207. Admits the allegations contained in paragraph 207 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 207.

208. Admits the allegations contained in paragraph 208 to the extent supported by the

GSA contracting officer final decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 208.

209. Admits the allegations contained in paragraph 209 to the extent supported by the GSA contracting officer final decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 209.

210. The allegations contained in paragraph 210 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegation of fact, they are denied.

211. The allegations contained in paragraph 211 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegation of fact, they are denied.

212. The allegations contained in paragraph 212 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegation of fact, they are denied.

213. The allegations contained in paragraph 213 and its subparts constitute conclusions of law to which no answer is required; to the extent they may be deemed allegation of fact, they are denied.

214. Defendant incorporates by reference its responses to paragraphs 1 through 213 of the First Amended Complaint.

215. The allegations contained in paragraph 215 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

216. The allegations contained in paragraph 216 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

217. Admits.

218. Admits the allegation contained in paragraph 218 that the DOI contracting officer

determined that BearingPoint's performance delays were not excusable; the remaining allegations contained in paragraph 218 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

219. Denies.

220. The allegations contained in paragraph 220 constitute conclusions of law, and plaintiff's characterization of this action, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

221. Denies.

222. Defendant incorporates by reference its responses to paragraphs 1 through 221 of the First Amended Complaint.

223. The allegations contained in paragraph 223 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

224. Admits the allegations contained in the first sentence of paragraph 224 to the extent supported by the documents cited in paragraphs 132 and 134 of BearingPoint's First Amended Complaint, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 224. The allegations contained in the second sentence of paragraph 224 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

225. Admits the allegations contained in the first sentence of paragraph 225. The allegations contained in the second sentence of paragraph 225 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

226. The allegations contained in paragraph 226 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

227. The allegations contained in paragraph 227 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

228. The allegations contained in paragraph 228 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

229. Denies.

230. Defendant incorporates by reference its responses to paragraphs 1 through 229 of the First Amended Complaint.

231. The allegations contained in paragraph 231 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

232. The allegations contained in paragraph 232 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

233. The allegations contained in paragraph 233 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

234. Admits.

235. Admits the allegation contained in paragraph 235 that the DOI contracting officer determined that BearingPoint's performance delays were not excusable; the remaining allegations contained in paragraph 235 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

236. The allegations contained in paragraph 236 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

237. Denies.

238. Defendant incorporates by reference its responses to paragraphs 1 through 237 of the First Amended Complaint.

239. The allegations contained in paragraph 239 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

240. Admits.

241. The allegations contained in paragraph 241 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

242. The allegations contained in paragraph 242 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

243. Denies.

244. Denies.

245. Defendant incorporates by reference its responses to paragraphs 1 through 244 of the First Amended Complaint.

246. The allegations contained in paragraph 246 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

247. The allegations contained in paragraph 247 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

248. The allegations contained in paragraph 248 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

249. The allegations contained in paragraph 249 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

250. The allegations contained in paragraph 250 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

251. Denies.

252. Denies.

253. Denies.

254. Defendant incorporates by reference its responses to paragraphs 1 through 253 of the First Amended Complaint.

255. The allegations contained in paragraph 255 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

256. The allegations contained in paragraph 256 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

257. The allegations contained in paragraph 257 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

258. The allegations contained in paragraph 258 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

259. The allegations contained in paragraph 259 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

260. The allegations contained in paragraph 260 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

261. The allegations contained in paragraph 261 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

262. Denies.

263. Denies.

264. Denies.

265. Defendant incorporates by reference its responses to paragraphs 1 through 264 of the First Amended Complaint.

266. The allegations contained in paragraph 266 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

267. The allegations contained in paragraph 267 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

268. The allegations contained in paragraph 268 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

269. The allegations contained in paragraph 269 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

270. Denies.

271. Denies.

272. Denies.

273. Defendant incorporates by reference its responses to paragraphs 1 through 272 of the First Amended Complaint.

274. The allegations contained in paragraph 274 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

275. The allegations contained in paragraph 275 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

276. The allegations contained in paragraph 276 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

277. The allegations contained in paragraph 277 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

278. Denies.

279. Denies.

280. Defendant incorporates by reference its responses to paragraphs 1 through 279 of the First Amended Complaint.

281. Admits the allegations contained in the first sentence of paragraph 281. Denies the allegations contained in the second sentence of paragraph 281 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third and fourth sentences of paragraph 281 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

282. Admits.

283. The allegations contained in paragraph 283 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

284. Denies.

285. Defendant incorporates by reference its responses to paragraphs 1 through 284 of the First Amended Complaint.

286. Admits the allegations contained in paragraph 286 subpart (b) to the extent supported by the GSA contracting officer's final decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 286 subpart (b). The remainder of the allegations contained in paragraph 286 are conclusions of law to which no response is required;

to the extent that they may be deemed allegations of fact, they are denied.

287. The allegations contained in paragraph 287 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

288. Denies.

289. Defendant incorporates by reference its responses to paragraphs 1 through 288 of the First Amended Complaint.

290. The allegations contained in paragraph 290 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

291. Admits.

292. The allegations contained in paragraph 292 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

293. The allegations contained in paragraph 293 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

294. Defendant incorporates by reference its responses to paragraphs 1 through 293 of the First Amended Complaint.

295. The allegations contained in paragraph 295 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

296. The allegations contained in paragraph 296 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

297. The allegations contained in paragraph 297 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

298. The allegations contained in paragraph 298 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

299. The allegations contained in paragraph 299 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

300. Denies.

301. The allegations contained in paragraph 301 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

302. Defendant incorporates by reference its responses to paragraphs 1 through 301 of the First Amended Complaint.

303. The allegations contained in paragraph 303 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

304. The allegations contained in paragraph 304 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

305. Defendant incorporates by reference its responses to paragraphs 1 through 304 of the First Amended Complaint.

306. The allegations contained in paragraph 306 constitute conclusions of law, and plaintiff's characterization of this action, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

307. The allegations contained in paragraph 307 constitute conclusions of law, and plaintiff's characterization of this action, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

308. The allegations contained in paragraph 308 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

309. In response to the Prayer for Relief that follows paragraph 308 of the First Amended Complaint, denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

310. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

311. Plaintiff's claims are barred, in whole or in part, by payment.

312. Plaintiff's claims are barred, in whole or in part, by waiver.

313. Plaintiff's claims are barred, in whole or in part, by collateral estoppel.

WHEREFORE, defendant respectfully requests that the First Amended Complaint be dismissed and that Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

/s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

OF COUNSEL:

JAMES L. WEINER
Assistant Solicitor

EMILY E. PARKHURST
Attorney Advisor
Department of the Interior

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6462
Fax: (202) 514-7969

Attorneys for Defendant

February 25, 2008

CERTIFICATE OF FILING

I hereby certify that on February 25, 2008, a copy of "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Franklin E. White Jr.
FRANKLIN E. WHITE, JR.